NO. 07-08-0072-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

SEPTEMBER 25, 2009

_____


TERESA BATES, AS THE PERSONAL REPRESENTATIVE OF
THE ESTATE OF KEVIN BATES, AND JOE REYNERO, APPELLANTS

V.

RANDALL COUNTY, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 56,384-B; HONORABLE RON ENNS, JUDGE

_____


Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**CONCURRING AND DISSENTING OPINION**


By this appeal, Appellants contend the trial court erred by not awarding them more

attorney's fees. Appellee, by its cross appeal, contends the trial court erred (1) in denying

the its motion for JNOV, and (2) in not awarding attorney's fees to it pursuant to Texas

Local Government Code section 89.004(b).[1]  I respectfully dissent from the majority's disposition of Appellants' issue; agree with the disposition of Appellee's first issue; and, while concurring in the disposition of the third issue, write separately to express my view regarding whether attorney's fees should be considered part of the recovery for purposes of section 89.004(b).  I will address my concerns in reverse order.

*Texas Local Government Code § 89.004(b)*

Appellee contends the trial court erred by not awarding it attorney's fees, pursuant to section 89.004(b), because Appellants did not recover more as a result of their suit than Appellee offered them in settlement of their claims.  As the majority notes, this appears to be an issue of first impression.

As a part of its reasoning, the majority rejects Appellants' contention that they did, in fact, recover more under the judgment than Appellee offered them in settlement of their claims.  Appellants' contention is premised on a construction of section 89.004(b) that would include attorney's fees as part of the "recovery" to be compared to the settlement offer made by Appellee on presentation of the claim.  Because I agree with our sister courts that section 89.004(a) does not apply to actions brought under the Texas Whistleblower Act, *see Upton County v. Brown,* 960 S.W.2d 808, 819 (Tex.App.–El Paso 1997, no pet.), *Gregg County v. Farrar,* 933 S.W.2d 769, 772 (Tex.App.–Austin 1996, writ

[1]*See* Tex. Loc. Gov't Code Ann. § 89.004(b) (Vernon 2008).  For convenience, provisions of the Local Government Code will be cited throughout this opinion simply as "section ____" or "§ ____."

2

denied), I would not offer an opinion as to whether entitlement to attorney's fees is a part of either the original presentation of the claim or the recovery for purposes of the comparison contemplated by section 89.004(b). *See* Tex. R. App. P. 47.1 (appellate opinions should address issues *necessary* to final disposition of the appeal).

### Award of Appellants' Attorney's Fees

The majority concludes that the trial court abused its discretion in its award of attorney's fees to Appellants because the trial court awarded only a fraction of the fees requested without any evidentiary basis for the reduction appearing in the record. I respectfully disagree.

A public employee whose employment is suspended or terminated or is subject to an adverse personnel action in violation of section 554.002 of the Texas Government Code is entitled to recover reasonable attorney's fees. Tex. Gov't Code Ann. § 554.003(a)(4) (Vernon 2004). A party seeking recovery of attorney's fees must prove the fees were both reasonable and necessarily incurred in the prosecution of the case and ask the fact finder for a specific dollar amount. *Lubbock County v. Strube,* 953 S.W.2d 847, 857 (Tex.App.–Austin 1997, pet. denied). In reaching the dollar amount, the factfinder must consider the following factors:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;

3

(2)   the likelihood . . . that acceptance of the particular employment will preclude other employment by the lawyer;

(3)  the fee customarily charged in the locality for similar legal services;

(4)  the amount involved and the results obtained;

(5)  the time limitations imposed by the client or by the circumstances;

(6)  the nature and length of the professional relationship with the client;

(7)   the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8)  whether the fee is fixed or contingent on results obtained or uncertainty of collection before legal services have been rendered.

*Id.* at 858 (quoting Tex. Disciplinary R. Prof. Conduct 1.04, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G app. (State Bar Rules, art. X, § 9)).

An appellate court reviews a trial court's decision to either grant or deny attorney's fees under an abuse of discretion standard, and we review the amount of the attorney's fees awarded under a legal sufficiency standard. *Hertzberg v. Austin Diagnostic Clinic Ass'n, P.A.,* ___S.W.3d___, No. 03-07-0072-CV, 2009 WL 2913620, at *6 (Tex.App.–Austin, Sept. 11, 2009, no pet. h.).  In determining whether there is legally sufficient evidence to support the finding under review, a reviewing court must view the evidence in a light most favorable to the judgment, indulging every reasonable inference that supports it, but the court may not disregard evidence that allows only one inference. *City of Keller v. Wilson,* 168 S.W.3d 802, 822 (Tex. 2005).  The trier of fact is the sole judge of the credibility of the witnesses and of the weight to be given to their testimony.

4

*Id.* at 819. The reviewing court may not substitute its judgment for that of the fact finder, so long as the evidence falls within the zone of reasonable disagreement. *Id.* at 822. The final test for legal sufficiency must always be whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review. *Id.* at 827.

In this case, all parties agreed to submit the issue of attorney's fees to the court. Appellants' attorneys each submitted itemized billings together with supporting affidavits. Clearly, Appellants offered legally sufficient evidence to support the trial court's attorney's fee awards of $15,000 to Bates and $10,000 to Reynero. Accordingly, I would overrule Appellants' sole issue and affirm the judgment of the trial court.


Patrick A. Pirtle
Justice

5